FILED
SCRANTON

JAN 0 3

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G. DOE, II AND K. DOE, Individually and as Parents and Natural Guardians of G. Doe, III | : | |
| Plaintiffs | : | Judge: Munley |
| vs. | : | |
| LUZERNE COUNTY, PENNSYLVANIA, LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI, | : | JURY TRIAL DEMANDED |
| Defendant | : | NO.: 3:CV-04-1637 |

## WOMEN'S RESOURCE CENTER'S MOTION TO QUASH SUBPOENA

NOW COMES the Women's Resource Center, Inc., by and through its attorney, Howard A. Rothenberg, Esquire, and respectfully represents as follows:

1. That Margaret Ruddy is the Executive Director of the Women's Resource Center, Inc., Scranton, Pennsylvania, 18503, a private, non-profit corporation.

2. The Women's Resource Center, Inc. is a "rape crises center" as the same is defined in the Pennsylvania Statute entitled "Confidential Communications to Sexual Assault Counselors", 1981 P.L. _____, No. 169, Section 1 as Amended 1990, P.L. 737, No. 183 Section 42 Pa. C.S.A. Section 5949.1.

3. The Women's Resource Center, Inc. is a "domestic violence center" as the same is defined in the Protection From Abuse chapter of the Domestic Relations Title of the Pennsylvania Statute entitled "confidentiality" 1990 P.L. Dec. 19, No. 206 Section 2, 23 Pa. C.S.A. Section 6116.

4. That at all times, any and all counseling performed at the Women's Resource Center with Nicholas Greenburgh was in connection with the domestic violence and sexual assault of Nicholas Greenburgh.

5. That all of the counselors who saw Nicholas Greenburgh at the Women's Resource Center at any time are "sexual assault counselors" and/or "domestic violence counselors" as the same is defined in the Pennsylvania Statue entitled "Confidential Communications to Sexual Assault Counselors", as amended 1990, P.L. 737, No. 183 Section 42 Pa. C.S.A. Section 5949.1 and as defined in the Pennsylvania Statute entitled "Confidentiality": 1990 P.L. Dec. 19, No. 206 Section 2, 23 Pa. C.S.A. Section 6116.

6. That on or about December 22, 2004, Barry H. Dyller, Esquire in the above-referenced case did cause to be served a Subpoena upon the Women's Resource Center, Inc. directing the Center to testify and produce all records pertaining to Nicholas Greenburgh.

7. Nicholas Greenburgh has not consented to the release of any "confidential communications", whether oral, written or otherwise, which occurred between herself and the Women's Resource Center.

8. To the extent that Nicholas Greenburgh has received counseling services from the Women's Resource Center, Inc., Nicholas Greenburgh is a "victim" as such persons are defined in 42 Pa. C.S.A. Section 5945.1 (a) and as such persons are contemplated in 23 Pa. C.S.A. Section 611.

9. Any and all services performed for Nicholas Greenburgh by the Women's Resource Center were performed by a "domestic violence counselor" and/or a "sexual assault counselor" as such persons are referred to in 23 Pa. C.S.A. Section 6116 and 42 Pa. C.S.A. Section 5945.1 (a).

10. It is contended that under the Pennsylvania Rules of Criminal Procedure, under the Pennsylvania Statute 42 Pa. C.S.A. Section 5945.1 and under the Pennsylvania Statute 23 Pa. C.S.A. Section 6116, such records are confidential and may not be Subpoenaed by the Defendant.

11. Pennsylvania Statute 23 Pa. Section 6116 specifically states as follows:

> "Unless a victim waives the privilege in a signed writing prior to testimony or disclosure, a domestic violence counselor/advocate shall not be competent nor permitted to testify or to otherwise disclose confidential communications made to or by the counselor/advocate by or to a victim. The privilege shall terminate upon the death of the victim. Neither the domestic violence counselor/advocate nor the victim shall waive the privilege of confidential communications by reporting facts of physical or sexual assault under Chapter 63 (relating to child protective services), a Federal or State mandatory reporting statute or a local mandatory reporting ordinance."

Accordingly, the Women's Resource Center counselors as domestic violence counselors cannot disclose any victim's confidential communications to a counselor, nor may a domestic violence counselor be examined in any Court or criminal proceeding without the written consent of the victim.

12. Pennsylvania Statute 42 Pa. C.S.A. Section 5945.1 specifically provides that a sexual assault counselor cannot disclose any victim's confidential oral or written communications to a counselor, nor may a sexual assault counselor be examined in any Court or criminal proceeding without the written consent of the victim.

13. The Women's Resource Center, Inc. does not have the written consent of the victim in this case to provide oral testimony, written communications or to testify in the trial of this Defendant.

14. 42 Pa. C.S.A. Section 5945.1 has been upheld as being constitutional and as granting an absolute privilege to victims of sexual assault by the Pennsylvania Supreme Court in *Commonwealth v. Wilson*, ___ Pa. ___, 602 A.2d 1290 91992).

15. Absolute confidentiality in counseling is of the utmost importance to victims of domestic violence and sexual assault and any impairment of a victim's right to confidentiality in the counseling process would seriously jeopardize a victim's ability to freely participate in a counseling process that is often critical and instrumental in her ability to heal.

16. The Courts of the Commonwealth of Pennsylvania have consistently upheld this privilege in prior cases. See *Commonwealth of PA v. Carter*, 96-CR 380 Lackawanna County, J. Walsh, *Commonwealth of PA v. Tooley*, 95-CV-558, Lackawanna County, Judge Minora, *Commonwealth of PA v. Vosburg*, 93-CR-1182, Lackawanna County, J. O'Malley, *Commonwealth of PA v. Robinson*, 93-CR-1234, Lackawanna County, J. Harhut, *Commonwealth of PA v. Hughes*, 98-CR-1823, Lackawanna County, J. Nealon.

WHEREFORE, the Petitioner, The Women's Resource Center, Inc., moves this Honorable Court to quash the aforesaid Subpoena.

Respectfully Submitted:
HERLANDS, ROTHENBERG & LEVINE

BY: _____
Howard A. Rothenberg, Esquire
Attorney for Women's Resource Center, Inc.

345 Wyoming Ave., Suite 210
Scranton, PA 18503
#(570) 961-1850

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G. DOE, II AND K. DOE, Individually and as Parents and Natural Guardians of G. Doe, III | : | |
| Plaintiffs | : | Judge: Munley |
| vs. | : | |
| LUZERNE COUNTY, PENNSYLVANIA, LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI, | : | JURY TRIAL DEMANDED |
| Defendant | : | NO.: 3:CV-04-1637 |

## AFFIDAVIT

I, Margaret Ruddy, Executive Director of the Women's Resource Center, Inc., do hereby swear and affirm that the information contained in the foregoing Motion to Quash Subpoena is true and correct to the best of my knowledge, information and belief.

_____
MARGARET RUDDY, Executive Director
Women's Resource Center, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G. DOE, II AND K. DOE, Individually and as Parents and Natural Guardians of G. Doe, III | : | |
| Plaintiffs | : | Judge: Munley |
| vs. | : | |
| LUZERNE COUNTY, PENNSYLVANIA, LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI, | : | JURY TRIAL DEMANDED |
| Defendant | : | NO.: 3:CV-04-1637 |

## AFFIDAVIT

Before me, a notary public, appeared Margaret Ruddy, Executive Director of Women's Resource Center, Inc., who being duly sworn according to law, states as follows:

1. I am the Executive of Women's Resource Center, Inc., and am authorized to make all representations contained in the within Affidavit.

2. Women's Resource Center, Inc., is a private non-profit corporation. It is not an agency of any local, state or federal government. It is in no way affiliated with the Commonwealth of Pennsylvania.

3. At the current time, and at all times since the passage of the statute entitled "CONFIDENTIAL COMMUNICATIONS TO SEXUAL ASSAULT COUNSELORS", 1981 Dec. 23, P.L. ____, No. 169 Section, as amended 1990, Dec. 17, P.L. 737, No. 183 Section, 42 Pa. C.S.A. §5945.1 any and all victims receiving counseling services at Women's Resource Center have received such counseling only from persons who are sexual assault counselors as such counselors are defined by 42 Pa. C.S.A. §5945.1.

4. At the current time any and all victims receiving counseling services at Women's Resource Center receive such services only from persons who are sexual assault counselors as such counselors are defined by 42 Pa. C.S.A. §5945.1.

5. If Nicholas Greenburgh received any counseling services at Women's Resource Center, Inc., all of said counseling services were provided by a sexual assault counselor as such counselor is defined by 42 Pa. C.S.A. §5945.1.

6. At all times since the alleged victim has received any and all services at the Women's Resource Center, none of the records of the alleged victim have been disclosed to anyone or any agency outside of the sexual assault counselors counseling the victim at the Women's Resource Center.

*[Signature]*
Margaret Ruddy, Executive Director
Women's Resource Center, Inc.

Sworn to and subscribed before

me this 3rd day of January, 2005.

*[Signature]*
Notary Public

NOTARIAL SEAL
SCOTT A. HERLANDS, Notary Public
City of Scranton, Lackawanna County
My Commission Expires Feb. 20, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G. DOE, II AND K. DOE, Individually and as Parents and Natural Guardians of G. Doe, III | : | |
| Plaintiffs | : | Judge: Munley |
| vs. | : | |
| LUZERNE COUNTY, PENNSYLVANIA, LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI, | : | JURY TRIAL DEMANDED |
| Defendant | : | NO.: 3:CV-04-1637 |

## CERTIFICATE OF SERVICE

I, Howard A. Rothenberg, Esquire, attorney for Movant, Women's Resource Center, Inc., hereby certify that I served a true and correct copy of the foregoing on all parties of record by placing same in the United States Mail, postage prepaid, this 3rd day of January, 2005, addressed as follows:

BARRY H. DYLLER, ESQUIRE
GETTYSBURG HOUSE
88 N. FRANKLIN STREET
WILKES-BARRE, PA 18701

Respectfully Submitted,

HERLANDS, ROTHENBERG & LEVINE

BY: _____
Howard A. Rothenberg, Esquire

345 Wyoming Avenue, Suite 210
Scranton, PA 18503
#(570) 961-1850-