**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| G. DOE, II AND K. DOE, Individually and as Parents and Natural Guardians of G. Doe, III | : | |
| Plaintiffs | : | Judge: Munley |
| vs. | : | |
| LUZERNE COUNTY, PENNSYLVANIA, LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI, | : | JURY TRIAL DEMANDED |
| Defendant | : | NO.: 3:CV-04-1637 |

## BRIEF OF WOMEN'S RESOURCE CENTER, INC. IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA

FACTUAL AND PROCEDURAL HISTORY

On or about December 22, 2004, in reference to the above captioned matter, Barry Dyller of the Dyller Law Firm of Wilkes-Barre, Pennsylvania caused to be forwarded to the Women's Resource Center Notice of Deposition for Purposes of Copying Records Only, and a Subpoena Deuces Tecum directing the representatives of the Women's Resource Center to produce records regarding one Nicholas Greenburgh. (A copy of the Notice of Deposition for Purposes of Copying Records Only and accompanying Subpoena Deuces Tecum along with cover letter sent by Attorney Dyller are attached hereto and marked Exhibit "A"). The records are to be produced by Friday, January 7, 2005 at 10:00 a.m.

In response to this Subpoena, the Women's Resource Center has now filed a Motion to quash the Subpoena and it is in support of this Motion that this Brief is now submitted.

**ISSUE I:** IS THE WOMEN'S RESOURCE CENTER, INC. ENTITLED TO A QUASHING OF THE SUBPOENA AS SERVED UPON IT?

**SUGGESTED ANSWER:** IN THE AFFIRMATIVE.

## DISCUSSION

Contemporaneous with the filing of the Motion to Quash Subpoena, the Women's Resource Center has submitted a notarized Affidavit from its Executive Director, Margaret Ruddy. In her Affidavit, Miss Ruddy confirms that the Women's Resource Center, Inc. is a private non-profit corporation and is not an agency of any local, State of Federal government and is no way affiliated with the Commonwealth of Pennsylvania. (See Affidavit of Margaret Ruddy at ¶2). In addition, Miss Ruddy confirms in her Affidavit that any and all victims receiving counseling services at the Women's Resource Center have received such counseling only from persons who are sexual assault counselors as such counselors are defined by 42 Pa. C.S.A. §5945.1. (See Affidavit of Margaret Ruddy at ¶3).

In addition, with respect to this specific individual, Miss Ruddy confirms in her Affidavit that to the extent that Nicholas Greenburgh received any counseling services at the Women's Resource Center, all of said counseling services were provided by a sexual assault counselor as such counselor is defined by 42 Pa. C.S.A. §5945.1. (See Affidavit of Margaret Ruddy at ¶5).

Finally, Miss Ruddy confirms that at all times since the alleged victim has received any and all services at the Women's Resource Center, none of the records of the alleged victim have been disclosed to anyone or any agency outside of the sexual assault counselors counseling the victim at the Women's Resource Center. (See Affidavit of Margaret Ruddy at ¶6).

The Women's Resource Center, Inc. is a "rape crises" center as same is defined in a Pennsylvania Statute entitled "confidential communications to sexual counselors", 1981 P.L.___#169, Section as amended 1990 P.L. 737, #183 Section 42 Pa. C.S.A §.5949.1. In addition, the Women's Resource Center, Inc. is a "domestic violence" center as same is defined in the Protection from Abuse chapter of the Domestic Relations Title of the Pennsylvania Statute entitled "confidentiality". 1990 P.L. December 19, #206, Section 2, 23 Pa. C.S.A. §6116.

In their Motion, the Women's Resource Center, Inc. certified that at all times any and all counseling performed at the Women's Resource Center with Nicholas Greenburgh was in connection with the domestic violence and sexual assault of Nicholas Greenburgh. In addition, the Women's Resource Center has certified to this Court that all of the counselors who saw Nicholas Greenburgh at the Women's Resource Center at any time are "sexual assault counselors' and/or "domestic violence counselors" as same is defined in the Pennsylvania Statute entitled "confidential communications to sexual assault counselors" as amended 1990, P.L. 737, #183, Section 42 Pa. C.S.A. §5949.1 and as defined in the Pennsylvania Statute entitled "confidentiality": 1990 P.L. December 19, #206 Section 2, 23 Pa. C.S.A. §6116.

Pennsylvania Statute 42 Pa. C.S.A. §5945.1 specifically provides that a sexual assault counselor cannot disclose any victim's confidential oral or written communications to a counselor, nor may a sexual assault counselor be examined in any Court or criminal proceeding without the written consent of the victim. It has been certified to this Court by Margaret Ruddy to the extent that Nicholas Greenburgh has received counseling services from the Women's Resource Center, Inc., Nicholas Greenburgh is a "victim" as such

persons are defined in 42 Pa. C.S.A. §5945.1(a) and as such persons are contemplated in 23 Pa. C.S.A. §6116. In addition, it has been certified by Margaret Ruddy that any and all services performed for Nicholas Greenburgh by the Women's Resource Center were performed by "domestic violence counselors" and/or "sexual assault counselors" as such persons are referred to in 23 Pa. C.S.A. §6116 and 42 Pa. C.S.A. §5945.1(a).

Finally, it has been certified by the Women's Resource Center, Inc. to this Court that the Women's Resource Center, Inc. does not have the written consent of the victim in this case to provide oral testimony, written communications or to testify in the trial of this Defendant. As such, based upon the foregoing, the Women's Resource Center, Inc. has requested that the Subpoena be quashed.

42 Pa. C.S.A. §5945.1 has been upheld as being constitutional and as granting an absolute privilege to victims of sexual assault by the Pennsylvania Supreme Court in *Commonwealth v. Wilson*, 602 A.2d 1290 (1992). Absolute confidentiality in counseling is of the utmost importance to victims of domestic violence and sexual assault and any impairment of the victim's right to confidentiality in the counseling process would seriously jeopardize a victim's ability to freely participate in a counseling process that is often critical and instrumental in the victim's ability to heal. As such, the Courts of the Commonwealth of Pennsylvania have consistently upheld this privilege. See *Commonwealth of PA v. Carter*, 96-CR 380 Lackawanna County, J. Walsh, *Commonwealth of PA v. Tooley*, 95-CV-558, Lackawanna County, Judge Minora, *Commonwealth of PA v. Vosburg*, 93-CR-1182, Lackawanna County, J. O'Malley, *Commonwealth of PA v. Robinson*, 93-CR-1234, Lackawanna County, J. Harhut, *Commonwealth of PA v. Hughes*, 98-CR-1823, Lackawanna County, J. Nealon.

WHEREFORE, based upon the foregoing, the Petitioner, the Women's Resource Center, Inc., moves this Honorable Court to quash the aforesaid Subpoena.

Respectfully submitted,
HERLANDS, ROTHENBERG & LEVINE

BY: _____
Howard A. Rothenberg, Esquire
Attorney for Plaintiff

345 Wyoming Ave., Suite 210
Scranton, PA 18503
#(570) 961-1850

| | | |
|---|---|---|
| BARRY H. DYLLER, ESQ.<br>Also admitted in New York<br>bdyller@epix.net<br><br>SHELLEY L. CENTINI, ESQ.<br>Of Counsel<br>centinis@epix.net | **DYLLER LAW FIRM**<br>GETTYSBURG HOUSE<br>88 NORTH FRANKLIN STREET<br>WILKES-BARRE, PA 18701 | Telephone: (570) 829-4860<br>Facsimile: (570) 825-6675<br>www.barrydyller.com |

December 22, 2004

Women's Resource Center
P.O. Box 975
Scranton, PA 18501

    Re: Doe II and K. Doe, individually and as parents and natural
       guardians of G. Doe, III., v. Luzerne County, et al., No. 3:CV-04-1637

Dear Sir or Madam:

  Enclosed please find the following:

  1. A Notice of Deposition For Purpose of Copying Records Only;

  2. A Subpoena Duces Tecum directing you to bring or send to the law office of Barry H. Dyller, Esq., Gettysburg House, 88 North Franklin Street, Wilkes-Barre, PA 18701 a true and correct copy of the following:

  A. All documents referring or relating to Nicholas Greenburgh, D/O/B: 3/10/93; Social Security Number 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.

  As stated in the Notice of Deposition, if you would prefer to forward the documentation by mail, execute the enclosed Affidavit before a Notary Public and forward it to me with the documents, and it will not be necessary for you to appear. If instead you do intend to appear, please notify me and we will make appropriate arrangements for your appearance.



EXHIBIT "A"

Thank you for your anticipated cooperation. If you have any questions, please call me.

Very truly yours,

*Barry Dyller*

Barry H. Dyller

BHD/nr

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | PENNSYLVANIA |
|---|---|---|

| | |
|---|---|
| G. DOE II and K. DOE, individually and as parents and natural guardians of G. DOE III<br>V.<br>LUZERNE COUNTY, et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1]   3:CV-04-1637 |

TO:  Women's Resource Center
P.O. Box 975
Scranton, PA 18501

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Office of Barry H. Dyller<br>88 North Franklin Street, Wilkes-Barre, PA 18701 | Friday, January 7, 2005 at 10:00 a.m. |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents referring or relating to Nicholas Greenburgh, D/O/B: 3/10/93; Social Security Number 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.

| PLACE | DATE AND TIME |
|---|---|
| Law Office of Barry H. Dyller<br>88 North Franklin Street, Wilkes-Barre, PA 18701 | Friday, January 7, 2005 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]* Attorney for Plaintiffs | DATE<br>December 22, 2004 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Barry H. Dyller, Esq.<br>Gettysburg House, 88 North Franklin Street<br>Wilkes-Barre, PA 18701    (570) 829-4860 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | December 22, 2004 | P.O. Box 975<br>Scranton, PA 18501 |
| SERVED ON (PRINT NAME)<br>Women's Resource Center | | MANNER OF SERVICE<br>Certified Mail – Return Receipt Requested |
| SERVED BY (PRINT NAME)<br>Nancie Redmond | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  December 22, 2004
                         DATE

*Nancy Redmond* (signature)
SIGNATURE OF SERVER

Gettysburg House, 88 North Franklin Street
ADDRESS OF SERVER

Wilkes-Barre, PA 18701

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## AFFIDAVIT

STATE OF PENNSYLVANIA          :

COUNTY OF _____ :


_____, being duly sworn, deposes and states that:

1. I am the records custodian of the documents described in the Notice of Deposition for Purpose of Copying Records Only.

2. The attached documents are true and correct copies of all information in the files of Women's Resource Center which are responsive to the description of documents contained in the Notice of Deposition For Purpose Of Copying Records Only.

_____

Sworn to before me this
_____ day of _____,200___


_____
Notary Public

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

G. DOE II AND K. DOE, :
individually and as parents and :
natural guardians of G. DOE III, :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiffs, :
　　　　　　　　　　　　　　　　　:
　　　- against - :
　　　　　　　　　　　　　　　　　:
LUZERNE COUNTY, :
PENNSYLVANIA; :
LUZERNE COUNTY CHILDREN :
& YOUTH SERVICES; :
OLGA ARAUJO; :　　　　NO. 3:CV-04-1637
REBECCA GLASSMAN; :　　　　Judge Munley
ROBIN RITSICK; :
KELLY SILVER; :
DONALD PRANZONI; :　　　　JURY TRIAL DEMANDED
MARY PRANZONI; :
　　　　　　　　　　　　　　　　　:
　　　　Defendants. :

## NOTICE OF DEPOSITION FOR PURPOSE OF COPYING RECORDS ONLY

Please take notice that plaintiffs G. Doe II and K. Doe, individually and as parents and natural guardians of G. Doe III, by their attorney Barry H. Dyller, Esq., will take the records deposition of Women's Resource Center at the law office of Barry H. Dyller, Esq., Gettysburg House, 88 North Franklin Street, Wilkes-Barre, PA 18701 on Friday, January 7, 2005 at 10:00 a.m.

There will be no interrogation of a witness as this is a deposition for the purpose of copying records only. No attorneys are expected to be present. Deponent has been told that it may mail copies of the records as requested, in lieu of appearing for the deposition.

Women's Resource Center is directed to bring the following documents:

1. All documents referring or relating to Nicholas Greenburgh, D/O/B: 3/10/93;

Social Security Number 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.

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Women's Resource Center is required to designate a person or persons who possess knowledge of the documents described above.

**WOMEN'S RESOURCE CENTER IS ADVISED THAT IT IS SUFFICIENT TO PROVIDE THE MATERIAL REQUESTED BY MAIL, OR HAND DELIVERY, IN LIEU OF APPEARING IN PERSON FOR THIS DEPOSITION, PROVIDED THAT IT CERTIFIES THAT THE COPIES OF ALL RECORDS, DOCUMENTS AND INFORMATION OF ANY TYPE CONCERNING THE INSTANT MATTER HAVE BEEN PRODUCED, BY EXECUTING THE ATTACHED AFFIDAVIT BEFORE A NOTARY PUBLIC AND FORWARDING IT WITH THE DOCUMENTS.**

Barry H. Dyller, Esq.
Gettysburg House
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860
Attorney for Plaintiffs

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G. DOE II AND K. DOE, individually and as parents and natural guardians of G. DOE III, : : : : | |
| Plaintiffs, : | |
| - against - : | |
| LUZERNE COUNTY, PENNSYLVANIA; LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN FITSICK; KELLY SILVER; DONALD PRANZONI; MARY PRANZONI; : : : : : : : : : : | NO. 3:CV-04-1637<br>Judge Munley<br><br>JURY TRIAL DEMANDED |
| Defendants. : | |

CERTIFICATE OF SERVICE

BARRY H. DYLLER, ESQ., hereby certifies that on December 22, 2004, he served a copy a Notice of Deposition For Purpose of Copying Records Only and a Subpoena Duces Tecum on all defendants by mailing copies thereof to Frances G. Wenzel, Jr., Law Offices of Polachek & Associates, P.C., Phoenix Plaza, 22 East Union Street, Suite 600, Wilkes-Barre, PA 18701 counsel for defendants Mary Pranzoni and Donald Pranzoni, and on defendants Luzerne

County, Pennsylvania, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick, by serving copies thereof to their counsel, Zgymunt Bialkowski, Jr., Esq., 409 Lackawanna Avenue, The Oppenheim Building, Suite 3C, Scranton, PA 18503.

_____
Barry H. Dyller, Esq.