## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **G. DOE, II and K. DOE,** **individually and as parents and** **natural guardians of G. Doe, III,** | : : : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:04-1637** |
| v. | : | |
| | | **(MANNION, J.)** |
| **LUZERNE COUNTY,** **PENNSYLVANIA; LUZERNE** **COUNTY CHILDREN & YOUTH** **SERVICES; OLGA ARAUJO;** **REBECCA GLASSMAN; ROBIN** **RITSICK; DONALD PRANZONI;** **MARY PRANZONI; THE** **INSTITUTE FOR HUMAN** **RESOURCES AND SERVICES** **INC.,** | : : : : : : : : | |
| **Defendants/Third** **Party Plaintiffs** | : : | |
| v. | : | |
| **NEW JERSEY DIVISION OF** **YOUTH AND FAMILY SERVICES,** **MANAGERIAL JOHN DOES,** **SUPERVISORY JOHN DOES,** **and CASEWORKER JOHN DOES,** | : : : : | |
| **Third Party Defendants** | : | |

## MEMORANDUM AND ORDER

Pending before the court are a motion to dismiss Third Party Plaintiffs' complaint, (Doc. No. 77), and a motion to dismiss Third Party Plaintiffs' amended complaint, (Doc. No. 81).

By way of background, on April 28, 2006, a third party complaint was

filed by Luzerne County, Pennsylvania, Luzerne County Children and Youth Services, Olga Araujo, Rebecca Glassman, and Robin Ritsick, ("Third Party Plaintiffs"), against the New Jersey Department of Youth and Family Services, ("DYFS").  (Doc. No. 50).  On September 6, 2006, DYFS filed a motion to dismiss the Third Party Plaintiffs' complaint. (Doc. No. 77).  A supporting brief was filed on the following day.  (Doc. No. 78).

In response to the original motion to dismiss, on September 22, 2006, the Third Party Plaintiffs filed an amended third party complaint, which added DYFS Managerial John Does, DYFS Supervisory John Does, and DYFS Caseworker John Does, (collectively, "Third Party Defendants").  (Doc. No. 80).  A motion to dismiss the amended third party complaint was filed by the Third Party Defendants on October 2, 2006, (Doc. No. 81), along with a brief in support thereof, (Doc. No. 82).  The Third Party Plaintiffs filed an opposing brief on October 20, 2006.  (Doc. No. 85).  A reply brief was filed on October 30, 2006.  (Doc. No. 86).

Initially, because the original motion to dismiss the Third Party Plaintiffs' complaint was superceded by the amended third party complaint and subsequent motion to dismiss the amended third party complaint, the original motion to dismiss should be dismissed as moot.

With respect to the motion to dismiss the amended third party complaint, the motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in

part, if the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  Review of a motion to dismiss is limited to the face of the complaint, whereby the court must accept all factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor.  Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)); NAPA Transp., Inc. v. Travelers Prop. Cas., No. 06-cv-1866, 2006 U.S. Dist. LEXIS 84166, at *4 (M.D. Pa. Nov. 20, 2006). A court may also consider the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of his or her claim.  Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

To prevail on a Rule 12(b)(6) motion, the defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  Martella v. Wiley, No. 06-cv-1702, 2007 U.S. Dist. LEXIS 28242, at *9 (M.D. Pa. Apr. 17, 2007) (citing Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000)); see also Fed.R.Civ.P. 12(b)(6). Under the federal notice pleading standard, "a complaint requires only 'a short and plain statement' to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right."  Pryor v. NCAA, 288 F.3d 548, 564 (3d Cir. 2002)(citing Swierkiewicz v. Sorema N.A.,

534 U.S. 506 (2002)); Fed.R.Civ.P. 8(a)(2).  Because of this liberal pleading policy, a court should not grant dismissal unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (holding that dismissal is appropriate "only if . . . no relief could be granted under any set of facts consistent with the allegations of the complaint"); accord Martella, 2007 U.S. Dist. LEXIS at *8.

With respect to the instant action, the Third Party Defendants initially argue that the amended third party complaint should be dismissed against DYFS because it is not a "person" subject to suit within the meaning of 42 U.S.C. §1983.

Pursuant to 42 U.S.C. §1983, "any *person* who . . . subjects . . . any citizen . . . to the deprivation of any rights, privileges or immunities secured by the Constitution or its laws . . . shall be liable to the party injured." (Emphasis added).  Therefore, in order to be liable under §1983, a defendant must be a "person."  In Quern v. Jordan, 440 U.S. 332, 350 (1979), the Supreme Court established that states are not liable under §1983 because they do not fit into the statute's category of "persons."  Arms of the state that have traditionally enjoyed sovereign immunity, as well as officials acting in their official capacities, are also not considered "persons" under §1983.  Will v. Mich. Dept. Of State Police, 491 U.S. 58, 64, 70-71 n.10 (1989).  DYFS has

been found to be an arm of the state and, therefore, not subject to liability under §1983. Simmerman v. Corino, 804 F.Supp. 644, 650 (D.N.J. 1992). As such, the Third Party Defendants' motion to dismiss the third party complaint with respect to defendant DYFS will be granted on this basis.

Alternatively, the Third Party Defendants argue that DYFS can be dismissed on the basis of Eleventh Amendment immunity.

The Eleventh Amendment bars a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury. See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Quern v. Jordan, supra. This immunity extends to state agencies and departments from suit in federal court, regardless of the type of relief sought. Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 106 (1984). Additionally, absent consent by a state, the Eleventh Amendment prohibits federal court suits for money damages against state officers acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985).

In this case, the Third Party Plaintiffs are seeking damages that would be paid from public funds. As such, DYFS is entitled to immunity and their motion to dismiss the amended third party complaint will be dismissed on this basis as well.

The court notes that the Third Party Plaintiffs rely on Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 1999), to object to the dismissal of the amended third party complaint against DYFS. However, the Third Circuit in Nicini addressed

5

the liability of a DYFS caseworker in his individual capacity under §1983, not the state or its agents in their official capacities. Similarly, the Third Party Plaintiffs' reliance on K.J. ex rel. Lowry v. Division of Youth & Family Servs., 363 F.Supp.2d 728 (D.N.J. 2005), is misplaced, as the only §1983 claims in that case were brought against individual defendants and not the state agency.

To the extent that the court grants their motion to dismiss with respect to DYFS, the Third Party Defendants also argue that the court should dismiss the complaint against the "John Doe" defendants, as there would no longer be a "real" defendant in this action against the Third Party Defendants.

Although the court is mindful of the due process challenges which may arise as a result of allowing the amended third party complaint to proceed only with respect to the "John Doe" defendants, See Scheetz v. Morning Call, 747 F.Supp. 1515, 1534- 35 (E.D.Pa.1990), aff'd 946 F.2d 202 (3d Cir.1991), with only a short period of time remaining for discovery, the Third Party Plaintiffs will be permitted to identity the "John Doe" defendants against whom they seek to proceed and effect proper service upon these individuals. If the "John Doe" defendants are not identified and served in accord with the rudiments of due process, however, the complaint against these defendants must be dismissed. See Brewer v. Villanova, 1991 WL 274540, at *4 (E.D.Pa. Dec. 18, 1991) (although judges in this district permit complaints against Doe defendants to proceed while plaintiff attempts to produce real names, a complaint must be dismissed should plaintiff fail to find actual names);

6

Scheetz, 747 F.Supp. at 1534-35 (complaint against Doe defendant must be dismissed if plaintiff fails to identify an actual name after diligent effort).

Based upon the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The motion to dismiss the Third Party Plaintiffs' complaint, **(Doc. No. 77)**, is **DISMISSED AS MOOT**.

**(2)** The motion to dismiss the Third Party Plaintiffs' amended complaint, **(Doc. No. 81)**, is **GRANTED** to the extent that the amended third party complaint is dismissed with respect to the Third Party Defendant, DYFS.

**(3)** The motion to dismiss the Third Party Plaintiffs' amended complaint, **(Doc. No. 81)**, is **DENIED** to the extent that the Third Party Defendants seeks dismissal of the amended third party complaint with respect to the "John Doe" defendants. The motion is renewable, however, to the extent that the Third Party Plaintiffs fail to identify and serve the "John Doe" defendants at the conclusion of discovery.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** September 13, 2007

O:\shared\MEMORANDUMS\2004 MEMORANDUMS\04-1637.02.wpd