UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G. DOE, II and K. DOE, individually and as parents and natural guardians of G. Doe, III : | |
| Plaintiffs : | CIVIL ACTION NO. 3:04-1637 |
| v. : | (MANNION, M.J.) |
| LUZERNE COUNTY, PENNSYLVANIA; LUZERNE COUNTY CHILDREN & YOUTH SERVICES; OLGA ARAUJO; REBECCA GLASSMAN; ROBIN RITSICK; DONALD PRANZONI; MARY PRANZONI; THE INSTITUTE FOR HUMAN RESOURCES AND SERVICES INC. : | |
| Defendants : | |

## MEMORANDUM AND ORDER

Presently before this court is the defendants', Luzerne County, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick ("the Luzerne County defendants"), Request for Production of Documents relied upon by the plaintiffs' expert. For the following reasons, the defendants' request will be granted.

**I.   Background**

Because the court writes for the parties who are familiar with the case, only the facts relevant to the dispute will be discussed. A telephonic discovery dispute conference was held on Tuesday, May 27, 2008. At that conference, the Luzerne County defendants sought production by the plaintiffs of two documents <u>relied upon</u> by the plaintiffs' liability expert,

Michael A. Nunno, that Nunno specifically cited to in his expert report.[1] (Doc. No. 120). Plaintiffs' counsel refused to produce these documents, relied upon by his expert, on the basis of the attorney work-product privilege. Id. The first document is a signed declaration of a witness, "Declaration of Beth Ann DeAngelo." (Doc. No. 120, Nunno Expert Report at 31). The second is a memorandum authored by Barry Dyller, Esq., "Memorandum from Barry H. Dyller on meeting with Sandy and Justine Walls." (Doc. No. 120, Nunno Expert Report at 33).

## II.  Discussion

The work product doctrine immunizes some discovery documents from disclosure. To seek protection of the work product doctrine, a party must show that the materials at issue were prepared by his or her attorney, or the attorney's agent, "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3); see also Hickman v. Taylor, 329 U.S. 495, 505 (1947). An attorney's work product includes "interviews, statements, memoranda, correspondence, briefs, mental impressions, [and] personal beliefs . . . ." Hickman, 329 U.S.

---

[1] The expert cited to the first document in his expert report when he stated, "This attitude of non-disclosure is also evident in the signed declaration by Beth Ann[ ] DeAngelo when she asserted . . . ." (Doc. No. 120, Nunno Expert Report at 31). The expert then cited to the "Memorandum from Barry H. Dyller on meeting with Sandy and Justine Walls" in his expert report when he concluded that "neither organization nor their representatives reported the events to the Pennsylvania Childline or to the legal guardians or parents of those children" based in part on the information contained in the document in question. (Doc. No. 120, Nunno Expert Report at 32).

at 511. The work product privilege is based upon "the general policy against invading the privacy of an attorney's course of preparation." Bogosian v. Gulf Oil. Corp., 738 F.2d 587, 592 (3d Cir. 1984) (citing Hickman, 329 U.S. at 512)).

Rule 26(b)(3) establishes two tiers of protection for work product. First, the work prepared "in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need or undue hardship." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003) (citing Fed. R. Civ. P. 26(b)(3)). Second, "core" or "opinion" work product includes the attorney's "mental impressions, conclusions, opinions or legal theories" and is afforded almost absolute protection from discovery. In re Cendant Corp., 343 F.3d at 663. If any document contains both fact and opinion work product, the adversary party is entitled to discovery of the facts as long as the opinions, mental impressions, etc. are properly redacted. Bogosian, 738 F.2d at 595.

The question before the court is whether documents disclosed to and relied upon by a testifying expert in his expert report are afforded the protection of the work product doctrine. Rule 26(a)(2)(B) states that expert disclosure, with respect to "a witness who is retained or specifically employed to provide expert testimony in the case . . . ," must include a written report that shall contain "a complete statement of all opinions to be expressed and the basis and the reasons for them; the data or other information considered by the witness in forming the opinions; [and] any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

3

In 1993 the Federal Rules of Civil Procedure were amended. The court in <u>Vitalo</u> explained that the 1993 amendment to Federal Rule of Civil Procedure Rule 26(a)(2)(B) "vitiates a claim of attorney work-product with respect to any information considered by a party's expert, whether or not relied upon by that expert." <u>Vitalo</u>, 212 F.R.D. at 479; <u>see</u> <u>In re Pioneer Hi-Bred Int'l, Inc.</u>, 238 F.3d 1370, 1375 (Fed. Cir. 2001). The advisory committee note to the 1993 amendment of Rule 26(a)(2)(B) explains:

> The report is to disclose the data and other information <u>considered</u> by the expert and any other exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. P. 26 advisory committee's note (1993 amendments) (emphasis added).

The plaintiffs, however, argue that the two documents cited to in the expert report are not discoverable because they are protected by the work product doctrine. The plaintiffs rely upon this court's rulings in both <u>Krisa v. Equitable Life Assurance Society</u>, 196 F.R.D. 254 (M.D. Pa. 2000) and <u>St. Mary's Area Water Authority v. St. Paul Fire and Marine Insurance Co.</u>, 2006 WL 1670281 (M.D. Pa. 2006). However, this reliance is misplaced because both cases are clearly distinguishable from our facts. In <u>Krisa</u> and <u>St. Mary's</u>

the challenged documents were merely disclosed to an expert. Here the documents were not only disclosed, but considered and relied upon by the expert.

In Krisa, the court held that "the disclosure requirements of Rule 26(a)(2) do not overcome the protection accorded counsel's mental impressions, conclusions, opinions, and legal theories when such work product is disclosed to an expert witness." Krisa, 196 F.R.D. at 255 (emphasis added). The documents in dispute were revealed in a privilege log after the expert was served with a subpoena for his deposition. Id. at 255. The documents claimed to be work product of counsel were not cited by, nor specifically relied upon by, the expert in his expert report.

The court in Krisa was not concerned with the issue of whether the materials relied upon by an expert were discoverable. Even the defendant, who sought to protect the documents he had disclosed to his expert, conceded that the materials relied upon by an expert are discoverable. In the plaintiff's letter to Judge Vanaskie, the defendant's position is set forth: "that a party may not discover any materials prepared by or sent to an expert witness other than (1) the final version of the expert's report, and (2) the records allegedly "relied" upon by the expert to prepare his report." (Case No. 97-cv-01825, Krisa v. Equitable Life Assurance Soc'y, (M.D. Pa.), Doc. No.

89).[2] Furthermore, in the defendant's reply letter to the court, he explains:

> Davison and Geisser [the experts] did not rely upon nor consider the contents of the letters exchanged between them and counsel in forming their expert opinions. The experts' draft reports do not contain the opinions that the experts will express at trial nor the basis or reasons therefor. Thus, the items sought by the Plaintiff are outside the scope of discovery.

(Case No. 97-cv-01825, Krisa v. Equitable Life Assurance Soc'y, (M.D. Pa.), Doc. No. 99).[3] Since the experts did not rely upon the documents in dispute, the only issue before the court was whether documents merely disclosed to an expert were discoverable.

Similarly, in St. Mary's the court stated that "core attorney work-product cannot be discovered under Rule 26, even if it is disclosed to an expert." St. Mary's, 2006 WL 1670281 at *2. St. Mary's involved the ability of defendant's counsel to question plaintiff's expert about his conversations with plaintiff's counsel. Id. at 1. However, it was not alleged that the expert specifically relied upon or cited to the conversations in question in preparing his expert report.

Both of these cases relied upon the Third Circuit's opinion in Bogosian,

---

[2] Letter to the court from plaintiff John Krisa regarding discovery issues, specifically the production of materials from the defendant's expert witness, dated March 22, 1999.

[3] Letter to the court from defendant Equitable Life Assurance regarding the defendant's assertions of work-product privilege, dated April 22, 1999.

which explained that special protection should be given to "work product revealing the attorney's mental processes." Bogosian v. Gulf Oil. Corp., 738 F.2d 587, 593 (3d Cir. 1984) (citing Upjohn Co. v. United States, 449 U.S. 383, 400 (1981)). The court held that "showing material to witnesses did not waive the protection for attorney work product." Bogosian, 738 F.2d at 593. However, Bogosian was decided before the 1993 amendments to Rule 26. The court in St. Mary's found that the court's holding in Cendant, which was decided ten years after the 1993 amendments, makes it clear that Bogosian's holding is still binding on the lower courts. St. Mary's Area Water Auth. v. St. Paul Fire and Marine Ins. Co., 2006 WL 1670281, at *1 (M.D. Pa. 2006) However, while this may be true, Cendant is also distinguishable.

The dispute in Cendant involved attempts to question an opposing party's witness, during a deposition, about discussions the witness previously engaged in with an expert retained by the opposing party. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 660 (3d Cir. 2003). However, this expert was a non-testifying trial consultant. Id. The court held that Rule 26(b)(4)(B), which governs the discovery of an expert who will not testify at trial, did not trump the work product doctrine contained in Rule 26(b)(3). Id. at 664-65. It is important to note that the court in Cendant "neither considered nor decided whether or not Rule 26(a)(2)(B) trumped the work product doctrine preserved in Rule 26(b)(3) because it was not faced with discovery concerning a trial witness." Bro-Tech Corp. v. Thermax, Inc., 2008 WL 356928, at *2 (E.D. Pa. Feb. 7, 2008).

The cases relied upon by the plaintiffs are clearly distinguishable and do not specifically support their position. In those cases, the documents were merely disclosed to the expert witness or concerned a non-testifying trial expert. In our case, however, the two documents were <u>relied</u> <u>upon</u> by the expert and <u>specifically</u> <u>cited</u> <u>to</u> in his expert report. <u>See</u> <u>supra</u> note 1.

Most courts have consistently required disclosure of information and documents relied upon by the expert in writing his report. In <u>Bro-Tech</u>, the court held that since the draft expert reports were reviewed by the plaintiff's experts in generating their own expert reports Rule 26(a)(2)(B) required their full disclosure to the defendants. <u>Id.</u> at *2. Furthermore, the court explained that the 1993 amendments to Federal Rule of Civil Procedure 26 make it clear that Rule 26(a)(2)(B) disclosure requirements "trump any bar to disclosure of information an expert actually <u>considered</u> in the course of producing his report." <u>Id.</u>; <u>see also</u> <u>Vitalo v. Cabot Corp.</u>, 212 F.R.D. 478, 479 (E.D. Pa. 2002) (emphasis added).

Also, in <u>Synthes Spine</u> the court interpreted Rule 26(a)(2)(B) as "requiring disclosure of all material, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information." <u>Synthes Spine Co. v. Walden</u>, 232 F.R.D. 460, 464 (E.D. Pa. 2005); <u>see also</u> <u>Dyson Technology Ltd. v. Maytag Corp.</u>, 241 F.R.D. 247, 251 (D. Del. 2007) ( (holding that Rule 26(a)(2)(B) requires the disclosure of all materials that were considered by the expert regardless of

8

attorney-client or work-product privilege; however, the production will be limited to those documents and information actually considered by the expert in forming his expert opinions expressed in his report).

In light of the foregoing discussion, the court finds that the "Declaration of Beth Ann DeAngelo," (Doc. No. 120, Nunno Expert Report at 31), is not work product. The Supreme Court has stated that "the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." Hickman v. Taylor, 329 U.S. 495, 508 (1947). The document is a signed declaration of the witness Beth Ann DeAngelo. (Doc. 120). A declaration is a "formal, written statement . . . that attests, under penalty of perjury, to facts known by the declarant," the person signing the declaration. Black's Law Dictionary 438 (8th ed. 2004). If the attorney writes down these facts while interviewing a witness, once the witness signs that document it becomes a declaration of the witness and cannot be claimed as the work-product of an attorney. Furthermore, even if this was work-product, counsel disclosed this document to the expert and the expert considered, relied upon and cited to this document in his expert report, thereby waiving any possible protection of the work-product doctrine. The Declaration of witness Beth Ann DeAngelo must therefore be produced to the defendants.

The "Memorandum from Barry H. Dyller on meeting with Sandy and Justine Walls," (Doc. No. 120, Nunno Expert Report at 33), is a more difficult issue, as it consists mainly of facts authored by Attorney Dyller during an

interview with witnesses. "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." Hickman v. Taylor, 329 U.S. 495, 511 (1947). The court finds that this document is work-product of Attorney Dyller. However, the work-product privilege protection was waived when counsel disclosed the document to his expert witness and that expert considered, relied upon and cited to the document in writing his expert report. The document must therefore be produced to the defendants.

**IV.   Conclusion**

On the basis of the foregoing, **IT IS HEREBY ORDERED THAT** the Luzerne County defendants' Request for Production of Documents is **GRANTED**.   The plaintiffs will have until June 25, 2008 to produce the documents to the defendants.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States Magistrate Judge**

**Dated: June 19, 2008**

O:\shared\MEMORANDUMS\2004 MEMORANDUMS\04-1637.03.wpd

10