UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G. DOE II AND K. DOE, et al., | : |
| | : |
|     Plaintiffs, | : |
| | : |
|  - against - | : |
| | : |
| LUZERNE COUNTY, et al., | :   NO. 3:CV-04-1637 |
| | :   Judge Mannion |
|     Defendants. | : |

PLAINTIFFS' BRIEF REGARDING DEFENDANTS'
CLAIM OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Pursuant to this Court's July 2, 2008 oral and written orders, plaintiffs respectfully submit this brief to discuss defendants' claim that plaintiffs waived the attorney-client privilege with respect to a 17 page communication made by K. Doe to Attorney Barry H. Dyller. The purpose of the communication was to communicate the facts to Attorney Dyller so that he could understand them and properly represent the plaintiffs.

On December 1, 2005, Attorney Dyller met with two witnesses, Sandra Walls and Justine Walls. One part of the 17 page memo from K. Doe to Attorney Dyller concerned the son of Sandra Walls and brother of Justine Walls (the child's initials are "L.F."). Specifically, a portion of page 9 of the memo refers to information about L.F. In order to facilitate discussion, Attorney Dyller showed (but did not give a copy) the relevant part of the memo to Sandra Walls and Justine Walls. This is reflected in Attorney Dyller's memo to file, which was produced to the defendants pursuant to this Court's Order. In that memo, Attorney Dyller records that he "showed Ms. Wall a portion of page 9 of [K. Doe's] memo to me."

The Luzerne County defendants contend that Attorney Dyller showing a portion of a privileged document to a witness constitutes a waiver of the attorney-client privilege. The

defendants also claim that the waiver requires disclosure to them of the entire 17 page memo (and possibly more than that), despite the fact that only a portion of one page was ever revealed. As discussed below, the Luzerne County defendants are wrong.

The Plaintiffs Did Not Waive The Attorney-Client Privilege

There was no waiver of the attorney-client privilege for two reasons. First, it was the attorney, not the client, who revealed a portion of a privileged document. Second, the revelation of a portion of the privileged document was made to a non-adversary, in circumstances evidencing the guarding of the privilege against the possible disclosure to an adversary. Under these circumstances, the Third Circuit case law indicates that the privilege was not waived.

We analyzed all of the case law identified in defendants' June 19 (e-filed June 20, 2008) letter to the Court. (Doc. 127). With one very interesting exception, any waiver found was because a client – not an attorney – revealed privileged material to persons outside the privilege. Luzerne County cites, for example, *Barr Marine Products Co., Inc. v. Borg-Warner Corp.*, 84 F.R.D. 631 (E.D.Pa. 1979), which explained that the issue is whether "the client, possessor of the privilege, has waived it." *Id.*, at 635. *See also Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group*, 303 B.R. 18, 24 (D. Del. 2003) ("the holder of the attorney-client privilege is the client"). Under the present facts, it was the not the client – the possessor or holder of the privilege – who revealed a portion of a privileged document. Further, we note that all of the cases cited by defendants, and many others, refer to the issue of waiver as whether a "client" has disclosed a privileged communication.[1]

---

[1] In *Murray v. Gemplus International, S.A.*, 217 F.R.D. 362 (E.D.Pa. 2003), the court found waiver where the lawyer intentionally gave copies of privileged documents to the adverse party in order to seek advantage from that party. Here, plaintiffs' lawyer showed (not gave) a

The most comprehensive Third Circuit case on attorney-client privilege is *Westinghouse Electric Corp. v. Republic of Philippines*, 951 F.2d 1414 (3d Cir. 1991). The Luzerne County Defendants also cite and rely on *Westinghouse*. First, we note that *Westinghouse* explains waiver by stating that "when a **client** voluntarily discloses privileged communications to a third party, the privilege is waived." *Id.*, at 1424; emphasis added. *Westinghouse* also explains that "[w]hen disclosure to a third party is necessary for the client to obtain informed legal advice, courts have recognized exceptions to the rule that disclosure waives the attorney-client privilege." *Id*. In *Westinghouse*, the Third Circuit found waiver because the client disclosed information to a party with an interest adverse to it. The court explained, however, that:

> when disclosure is . . . made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidenced conscious disregard of the possibility that an adversary might obtain the protected materials. Thus had the DOJ and the SEC not been Westinghouse's adversaries, and had we concluded that *Westinghouse* reasonably expected the agencies to keep the material that it disclosed to them confidential, we might reach a different result.

*Id.*, at 1431. *See also Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 n.6 (3d Cir. 1993) (interpreting *Westinghouse*, and explaining that "[w]e determined that only disclosure to an 'adversary' constituted a waiver").

In the present case, the attorney – not the client – revealed a small portion of a privileged document. The disclosure was not to an adversary or to anyone with an adverse interest. The disclosure was a look only, so that the document could not be revealed to anyone else, including plaintiffs' adversary. Further, the disclosure was made so that the client could obtain informed legal advice, in the sense that the plaintiffs' attorney was revealing facts to facilitate discussion

---

part of a privileged document to a friendly witness in order to facilitate discussion. *Murray* is thus inapposite.

with a potential witness who might possess valuable information and who might prove helpful at trial. Under these circumstances, there was no waiver of the privilege at all.

Even If There Was A Waiver, It Was Only A "Partial Waiver"

In *Westinghouse*, *supra*, the court explained that a "[p]artial waiver permits a client who has disclosed a portion of privileged communications to continue asserting the privilege as to the remaining portions of the same communications." 951 F.2d at 1423 n.7. *Westinghouse* explains further that "[w]hen a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary." 951 F.2d at 1426 n.13. *See also Official Comm of Unsecured Creditors v. Fleet Retail Fin. Group*, 303 B.R. 18, 24 (D. Del. 2003) ("The Third Circuit's precise holding in Westinghouse was that, when 'a party discloses portions of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed,' unless this 'partial waiver would be unfair to the party's adversary'").

First we note that *Westinghouse*, like all the case law, refers to waiver by the "client" or a "party." Here, the client/party did not reveal anything at all. Second, even if the attorney's revelation of a portion of a document to a friendly witness constituted a waiver, it would only be a waiver of the portion that was shown to the witness. There is no unfairness to the defendants in not permitting them to see the full 17 page document. Indeed, Luzerne County's lawyer revealed in court on July 2, 2008 that his real motivation is the desire to discover unrelated inconsistent statements by K. Doe – a true fishing expedition. Thus, any unfairness in disclosure would be unfair to the plaintiffs, not unfair to the defendants.

Should the Court find waiver – and it should not – any waiver was only of the portion of the document which Attorney Dyller showed to the two friendly witnesses.

## CONCLUSION

There was no waiver of attorney-client privilege. The client revealed nothing. The attorney revealed a small portion of a document to a friendly witness. The attorney's disclosure was designed to assist in the client's representation, and by showing, but not giving a copy of the document, made it impossible for the limited disclosure to be revealed to the plaintiffs' adversaries. This does not constitute waiver. We request that the Court find that there was no waiver at all.

Even if there were a waiver, it was only of that part of the document which was shown to the witnesses. Even if there were waiver, it was not of 17 pages; it was of a part of a page.

DYLLER LAW FIRM

S/ Barry H. Dyller
Attorney for Plaintiffs
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860