IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G.DOE AND K.DOE | : | |
| Plaintiffs, | : | |
| v. | : | |
| LUZERNE COUNTY, et al., | : | CIVIL ACTION |
| Defendants. | : | No. 3: 04-CV-01637 |

**LUZERNE COUNTY'S BRIEF IN SUPPORT OF ITS MOTION
TO VACATE THE COURT'S SEPTEMBER 23, 2009 ORDER (DOC.189)**

Defendant Luzerne County, Pennsylvania hereby submits this Brief in support of its Motion to Vacate the Court's September 23, 2009 Order (Doc.189).

**I.   INTRODUCTION**

On September 18, 2009, counsel for the LCCYS Defendants advised the Court that a representative of Scottsdale Insurance Company would attend the settlement conference. *See* Exhibit "A." The Commissioners of Luzerne County provided Scottsdale Insurance Company with consent to settle this action on behalf of Luzerne County. *See* Exhibit "B."

On September 23, 2009, this Court issued an Order that erroneously stated that Defendant Luzerne County had advised the Court that a representative of CNA Insurance Company would attend a Court-Ordered settlement conference on behalf of Luzerne County. However, Luzerne County's counsel had advised the Court that a representative of Scottsdale Insurance Company would attend the settlement conference. CNA is the insurance carrier for different defendants.

The Court's September 23, 2009 Order (Doc.189) also required that "a county executive officer with full authority to discuss settlement" attend the Court-Ordered settlement conference. There is no such thing as "a county executive officer with full authority to discuss settlement." As more fully set forth below, only the Commissioners of a county can bind a county, by a vote, at a public meeting, or by other means lawful in the Commonwealth of Pennsylvania.

If the three Commissioners of Luzerne County discussed settlement of this action in the United States District Court, it would likely violate Pennsylvania law. No other official of Luzerne County has any authority to bind Luzerne County.

Moreover, convening a public session of the Commissioners of Luzerne County for purposes of settlement of this case is improper, and would likely not productive.

Additionally, the Commissioners of Luzerne County are not parties to this action, and the Court has no jurisdiction over them. To the extent that this Court would seek to impose an Order against them, the undersigned counsel would not be able to represent them, as the undersigned is counsel for Defendants Luzerne County, Pennsylvania, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick (collectively "LCCYS"). However, Luzerne County and the other LCCYS Defendants would likely be required to seek appellate relief to seek to vacate the Court's September 23, 2009 Order.

Accordingly, this Court's September 23, 2009 Order must be vacated.

## II. STATEMENT OF THE LAW

Luzerne County is a Pennsylvania county of the Third Class. *See* 16 P.S. §210(3). As such, it is governed by Pennsylvania's County Code. *See* 16 P.S. §102. Section 202 of The County Code fixes the general powers of the County, which include the "capacity as a body corporate to...sue and be sued and complain and defend in all proper courts by name of the county[.]" 16 P.S. §202(2). The County Code then vests that corporate power "in a board of county commissioners." 16 P.S. §203; *see also* 16 P.S. §501 (providing for election of a three-member Board of Commissioners).

Any meetings of the Commissioners are governed by the County Code. 16 Pa.C.S. §503 requires rules for such meetings, and that they have twenty hours notice. All such meetings must be open to the public. 16 Pa.C.S. §460.

If the three Commissioners of Luzerne County convened a special session to discuss settlement of this action in the United States District Court, it would likely violate Pennsylvania law. No other official of Luzerne County has any authority to bind Luzerne County.

Additionally, the Commissioners of Luzerne County are not parties to this action, and the Court has no jurisdiction over them. To the extent that this Court would seek to impose an Order against them, the undersigned counsel would not

3

be able to represent them, as the undersigned is counsel for the LCCYS Defendants. However, the LCCYS Defendants would likely be required to seek appellate relief to seek to vacate the Court's September 23, 2009 Order.

### III. CONCLUSION

For the foregoing reasons, this Court must vacate its September 23, 2009 Order (Doc.189).

ELLIOTT GREENLEAF & SIEDZIKOWSKI, P.C.

| | |
|---|---|
| JOHN G. DEAN | TIMOTHY T. MYERS |
| PA76168 | PA46959 |
| PNC Bank Bldg, Suite 202 | DEBORAH H. SIMON |
| 201 Penn Ave. | PA32459 |
| Scranton, PA 18501 | Union Meeting Corporate Center V |
| 570-346-7569 | 925 Harvest Drive |
| jgd@elliottgreenleaf.com | Blue Bell, PA 19422 |
| | 215-977-1000 |
| | ttm@elliottgreenleaf.com |
| | dhs@elliottgreenleaf.com |

DATED: September 23, 2009

## **CERTIFICATE OF SERVICE**

I, Timothy T. Myers, Esquire, hereby certify that on this date all counsel of record were served with the forgoing pursuant to the electronic service provisions of this Court.

                                                   /s *Timothy T. Myers*
                                                   Timothy T. Myers

DATED: September 23, 2008

# EXHIBIT "A"



www.elliottgreenleaf.com

Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive
Blue Bell, Pennsylvania 19422

Phone: (215) 977-1000 • Fax: (215) 977-1099

Timothy T. Myers, Esquire
Direct Dial: (215) 977-1062
Email: ttm@elliottgreenleaf.com

September 18, 2009

*By Facsimile And First Class Mail*
Honorable Malachy E. Mannion
United States District Court
   for the Middle District of Pennsylvania
Max Rosenn U.S. Courthouse
197 South Main Street, Suite 161
Wilkes-Barre, PA 18701

Re:   *G. Doe, II et al. v. Luzerne County, Pennsylvania, et al.* (No. 3:04-CV-01637)

Dear Judge Mannion:

We represent Defendants Luzerne County, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick ("the Luzerne County Defendants").

Pursuant to the Court's September 3, 2009 Order, Robin Donoian, Senior Claim Specialist at Scottsdale Insurance company will attend the conference with counsel for the Luzerne County Defendants.

Respectfully,

Timothy T. Myers

cc:   *All counsel via First Class Mail*

EXHIBIT "B"

# Elliott Greenleaf

www.elliottgreenleaf.com

Elliott Greenleaf & Dean
201 Penn Avenue, Suite 202
Scranton, Pennsylvania 18503

Phone: (570) 346-7569 • Fax: (570) 969-2890

JOHN G. DEAN
EMAIL: JGD@ELLIOTTGREENLEAF.COM

September 10, 2009

Commissioner Maryanne C. Petrilla
Luzerne County Courthouse
Office of the Commissioners
200 North River Street
Wilkes-Barre, PA 18711

Commissioner Steven A. Urban
Luzerne County Courthouse
Office of the Commissioners
200 North River Street
Wilkes-Barre, PA 18711

Commissioner Gregory A. Skrepenak
Luzerne County Courthouse
Office of the Commissioners
200 North River Street
Wilkes-Barre, PA 18711

**RE: G. Doe, II and K. Doe v. Luzerne County, Pennsylvania, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman, Robin Ritsick, Donald Pranzoni and Mary Pranzoni**
**NO. 3:04-CV-01637**

Dear Commissioners:

As discussed today, you provided consent to settle the above-matter. I will inform Scottsdale Insurance of same. Also as discussed, a mandatory settlement conference with a representative of the carrier being required to be present is scheduled for September 29, 2009. I will keep you advised as matters develop.

Very truly yours,

John G. Dean

JGD/aes
Enclosure
cc: Robin D. Donoian, Claim No. 936-471-90 (via email, donoiar@scottsdaleins.com and first class mail)