*CV-D4-1637*

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Confidential Settlement and Mutual Release Agreement ("Agreement"), dated December ___, 2009, is made and entered into by, between and among ███████ ███████ a minor, by his parents and natural guardians, ███████████ and ███████████████████, individually, and ██████████████ individually (collectively "Plaintiffs"); Luzerne County, Pennsylvania, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick (collectively "LCCYS Parties"); Donald Pranzoni and Mary Pranzoni (collectively "Pranzonis"); Institute for Human Resources (the "Institute"); Valley Forge Insurance Company, Wholly Owned Subsidiary of CNA Financial ("Valley Forge"); CNA Financial Corporation ("CNA Financial"); and Scottsdale Insurance Company ("Scottsdale Insurance").

## RECITALS

**WHEREAS,** The Plaintiffs initiated a civil action in the United States District Court Middle District of Pennsylvania, Civil Action No. 3:04-cv-01637, captioned *G. Doe, II and K. Doe, individually and as parents and natural guardians of G. Doe, III, Plaintiffs, v. Luzerne County, Pennsylvania; Luzerne County Children and Youth Services; Olga Araujo; Rebecca Glassman; Robin Ritsick; Donald Pranzoni; Mary Pranzoni; The Institute for Human Resources and Services, Inc., Defendants* ("the Action") in which Plaintiffs asserted various causes of action against the LCCYS Parties, the Pranzonis, and the Institute, including Plaintiffs' First Claim For Relief pursuant to 42 U.S.C. §1983 and Plaintiffs' Second Claim For Relief pursuant to 42 U.S.C. §1983; and

**WHEREAS,** the LCCYS Parties initiated a civil action in the Court of Common

1

Pleas of Luzerne County, Civil Action No. 12989-2008, captioned *Luzerne County, Pennsylvania, Luzerne County Children & Youth Services, Olga Araujo, Rebecca Glassman and Robin Ritsick, Plaintiffs, v. The Institute For Human Resources and Services, Inc., K. Doe, c/o Barry Dyller, Esq., G. Doe, Jr. c/o Barry Dyller, Esq., and G. Doe, III c/o Barry Dyller, Esq.* ("the Declaratory Judgment Action") on or about September 29, 2008, in which the LCCYS Parties asserted various causes of action against the Plaintiffs and the Institute including claims for declaratory, injunctive and equitable relief; and

**WHEREAS**, the Pranzonis filed a Third-Party Complaint as Interveners/Plaintiffs to the Declaratory Judgment Action on or about December 12, 2008, in which the Pranzonis also sought to join additional defendant CNA Insurance Company to the Declaratory Judgment Action, asserting various causes of action against existing defendants and additional defendant, CNA Insurance Company; and

**WHEREAS**, the LCCYS Parties filed a Cross-Claim and Joinder in the Pranzonis' Third-Party Complaint on or about January 27, 2009; and

**WHEREAS**, the Pranzonis filed an Amended Third-Party Complaint as Interveners/Plaintiffs to the Declaratory Judgment Action on or about April 9, 2009 naming Valley Forge Insurance Company, Wholly Owned Subsidiary of CNA Financial and CNA Financial as additional defendants; and

**WHEREAS**, the LCCYS Parties to the Declaratory Judgment Action filed a Cross-Claim and Joinder in the Pranzonis' Amended Third Party Complaint on or about April 29, 2009, joining in the Pranzonis' claims in the Pranzonis' Amended Third Party Complaint as against Valley Forge Insurance Company and CNA Financial Corporation

t/a CNA Insurance; and

**WHEREAS**, the parties to this Agreement agree that the names CNA Insurance Company, CNA Financial, and CNA Financial Corporation t/a CNA Insurance each refer to the company known as CNA Financial Corporation; and

**WHEREAS**, Valley Forge issued an Institutional Package to the Institute, policy number SO 05814057, in effect from August 10, 1999 through August 10, 2000; and renewed for the August 10, 2000 through August 10, 2001 policy period; and

**WHEREAS**, the LCCYS Parties, the Institute, the Pranzonis, Valley Forge, and CNA Financial have denied and continue to deny any wrongdoing or legal liability arising from any of the facts or conduct alleged in the Action, the Declaratory Judgment Action, and the Joinder Complaints; and

**WHEREAS**, the undersigned parties wish to resolve fully and finally all disputes which now exist or which in the future may arise with respect to the Action, the Declaratory Judgment Action, and the Joinder Complaints, and the applicability and extent of any insurance coverage which may have been issued by Valley Forge or CNA Financial with respect to any of the claims asserted against them; and

**NOW, THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, and intending to be legally bound hereby, the undersigned parties, being represented by counsel and being fully advised of their legal rights, duties, and responsibilities with respect thereto, agree as follows:

**1.    RECITALS:**

The foregoing recitals are incorporated herein as if fully set forth in the text of this Agreement.

2.    **DEFINITIONS:**

As used herein and in the recitals, the following terms shall have the following meanings:

A.    "Agreement" shall mean this document, including any and all Addendum(s).

B.    The "LCCYS Parties" shall mean individually and collectively, Luzerne County of Pennsylvania, Luzerne County Children and Youth Services, Olga Araujo, Rebecca Glassman, Robin Ritsick, and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

C.    "Plaintiffs" shall mean individually and collectively, regardless of the pronoun used, ██████████ a minor, by his parents and natural guardians, ████████████ and ████████, and ██████████ individually, and ██████████ individually, and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, insurer, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

D.    "Scottsdale" shall mean Scottsdale Insurance Company, and any of its

predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

E.    "Defendants" shall mean collectively the LCCYS Parties, the Institute, the Pranzonis, and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, insurer, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

F.    "Pranzonis" shall mean Donald and Mary Pranzoni, and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

G.    "Institute" shall mean the Institute for Human Resources, and any of its predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

**H.**    "Valley Forge" shall mean Valley Forge Insurance Company and any of its predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

**I.**    "CNA Financial" shall mean CNA Financial Corporation, improperly pled as CNA Insurance Company and CNA Financial Corporation t/a CNA Insurance, and any of its predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

**J.**    "Joinder Complaints" shall mean any and all complaints, amended complaints, and cross claims filed and asserted by the Pranzonis and the LCCYS Parties against Valley Forge and CNA Financial with respect to the Declaratory Judgment Action.

**K.**    "Insurers" shall mean Valley Forge, CNA Financial, Scottsdale Insurance, and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

**L.**    "Valley Forge Policies" shall mean the Institutional Packages issued by Valley Forge to the Institute, policy number SO 05814057, in effect from August 10, 1999 through August 10, 2000, and renewed for the August 10, 2000 through the August 10, 2001 policy period.

**M.**    "Parties" shall mean any individual or entity whose signature appears on this Settlement Agreement and any of their predecessors, successors and assigns, holding companies and parent companies, and any and all subsidiaries and affiliates, previously existing or now existing, and any director, officer, partner, employee, agent, servant, attorney, heir, representative or stockholder, including administrators, executors, assigns and legal representatives (in the event of their death, incapacity or bankruptcy) thereof.

**N.**    "Person" shall have the same full definition as set forth in the Federal Rules of Civil Procedure and shall mean any individual, corporation, municipal corporation, partnership, unincorporated association, organization, sole proprietorship, trust; any federal, state, or local government or quasi-governmental body or political subdivision or any agency or instrument thereof; or any other entity (or estate, guardian or beneficiary thereof) recognized in law or fact to have rights and/or obligations.

**3.    CUSTODIANS:**    Because ▮▮▮▮▮▮▮▮▮ is a minor, ▮▮▮▮▮▮▮ ▮▮▮▮▮▮and ▮▮▮▮▮▮▮▮▮ hereafter sometimes referred to herein as the "Custodians" materially represent that they are the parents of ▮▮▮▮▮▮▮▮and have the legal authority to bind ▮▮▮▮▮▮▮▮▮ as to any and all provisions contained within this Settlement Agreement, independent of his own agreement and signature hereto.

**4.**    **MUTUAL RELEASES:**

   **A.**    Plaintiffs, Defendants and Insurers hereby mutually release and forever discharge each other, and each of their current and former attorneys, accountants, employees, stockholders, shareholders, representatives, agents, officers, directors, managers, trustees, insurers, parents, subsidiaries and affiliated corporations, predecessors, successors, heirs and assigns or other related, or unrelated but under common ownership, business entities from any and all past, present and future claims, demands, obligations, actions, causes of action, suits, liens, debts, damages, rights, costs, expenses and compensation of any nature whatsoever, whether based on a tort, contract, equitable or any other theory of recovery, including but not limited to any and all claims for indemnification or contribution, known or unknown, pled or unpled, which Plaintiffs have or may have as of the Effective Date of this Agreement, or which may hereafter accrue or otherwise be acquired, against each other, and otherwise as against any Plaintiff, Defendant or Insurer that are in any way directly or indirectly connected with, related to, or arising out of (a) the Subject Matter of the Action, the Declaratory Judgment Action, and the Joinder Complaints; (b) claims that have been or could have been asserted in the Action, Declaratory Judgment Action, and the Joinder Complaints; (c) the disputes giving rise to the Action, Declaratory Judgment Action, and the Joinder Complaints; and (d) any and all claims that Plaintiffs may have or allege to have against any Defendant or Insurer as a result of the conduct, action, or inaction of any other person or entity in connection with the claims that were or could have been asserted in the Action, Declaratory Judgment Action, and the Joinder Complaints. It is expressly understood and agreed that each of the Plaintiffs, Defendants and Insurers mutually

release any and all claims against each other for attorneys fees and costs in the Action, Declaratory Judgment Action, and the Joinder Complaints.

**B.**    Except as set forth in Paragraph 4.D below, in consideration of Valley Forge's Settlement Payment, the Parties hereby fully, finally, specifically, and unequivocally release Valley Forge and CNA Financial, and their respective officers, directors, attorneys, and representatives, from any and all claims arising out of the Action, Declaratory Judgment Action, and Joinder Complaints.    Defendants, further, agree to release Valley Forge and CNA Financial, and their respective officers, directors, attorneys, and representatives, from any and all further obligation or duty under the Valley Forge Policies to defend or indemnify Defendants against any and all claims, rights and causes of action from any person, entity, or other party arising out of or related to the Action, Declaratory Judgment Action, and Joinder Complaints.

**C.**    Except as set forth in Paragraph 5Aii and  5Aiii. below, in consideration of Scottsdale's Settlement Payment, the Parties hereby fully, finally, specifically, and unequivocally release Scottsdale Insurance, and its respective officers, directors, attorneys, and representatives, from any and all claims arising out of the Action, Declaratory Judgment Action, and Joinder Complaints.

**D.**    Notwithstanding Paragraphs 4.B and 4.C above, and/or any provision(s) of this Agreement to the contrary, nothing in this Agreement shall constitute a release of claims by the Insurers against their reinsurers.

**5.**    **SETTLEMENT PAYMENT(S)**

**A. SCOTTSDALE INSURANCE**

**i.**    **CASH PAYMENT AT SETTLEMENT.**  In consideration of the

9

**Release** set forth in this Agreement, Scottsdale, on behalf of the LCCYS Parties, has paid or hereby agrees to pay Two Hundred Thirty Five Thousand Dollars ($235,000) to the Plaintiffs and Plaintiffs' attorney Barry Dyller, Esq., payable to Barry H. Dyller, IOLTA Client Trust Fund, receipt of which is acknowledged. The Parties acknowledge and agree that said sum constitutes damages on account of personal injury or sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended, and is inclusive of the Plaintiffs' out of pocket expenses, attorney fees, outstanding health care expenses and/or charges, any and all liens, rights of recovery, subrogation claims, known and unknown, general damages claims, and/or any other expenses incurred by the Plaintiffs in connection with this Agreement or the Action, the Declaratory Judgment Action, and Joinder Complaints, unless otherwise so stated.

      ii.      **STRUCTURED SETTLEMENT PAYMENT(S) (in addition to Cash Payment).** Subject to the other terms and conditions of this Agreement, Scottsdale, on behalf of the LCCYS Parties, agrees to pay ██████████████ ("Payee(s)") structured settlement payment(s) ("Periodic Payment(s)") as set forth in Addendum A, which is attached to this Agreement. The Parties understand and agree that Scottsdale may assign its duties and obligations to make such future Periodic Payment(s) to MetLife Tower Resources Group, Inc. ("Assignee") pursuant to a "Qualified Assignment," within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended. When the Periodic Payment(s) obligation is assigned to Assignee, Metropolitan Life Insurance Company ("Guarantor") has represented that it will provide a written guarantee of such obligation. The Plaintiffs accept such assignment without right of rejection and in full discharge and release of the duties and obligations of the LCCYS Parties and Scottsdale

Insurance with respect to such Periodic Payment(s). Upon such assignment, it is understood and agreed by and between the Parties that the Assignee shall make said Periodic Payment(s) directly to the respective Payee and/or Beneficiary designated herein. The Parties expressly understand and agree that, with Scottsdale's assignment of the duties and obligations to make such Periodic Payment(s) to the Assignee pursuant to this Agreement, all of the duties and responsibilities otherwise imposed upon Scottsdale by this Agreement with respect to such Periodic Payment(s) shall cease, and instead such obligation shall be binding solely upon the Assignee. The Parties further understand and agree that when the assignment is made, Scottsdale shall be released from all obligations to make such Periodic Payment(s) and the Assignee shall at all times be directly and solely responsible for, and shall receive credit for, the Periodic Payment(s), and that when the assignment is made, the Assignee assumes the duties and responsibilities of Scottsdale with respect to such Periodic Payment(s).

   iii. The Plaintiffs expressly acknowledge, understand, warrant, agree and declare that the LCCYS Parties and Scottsdale Insurance's responsibility, if any, for any payment, claim or expense referenced in this Section 5 is expressly released upon receipt of the cash payment at settlement in Section 5(A)(i) and the annuity funding set forth in Section 5(A)(iv), and is further governed by the Indemnification provisions set forth in Section 7 of this Settlement Agreement.

   iv. **ANNUITY FUNDING.** The Parties understand and agree that the Assignee may fund its obligation to make the Periodic Payment(s) by purchasing an annuity contract ("Annuity Contract") from Metropolitan Life Insurance Company ("Annuity Issuer"). If such Annuity Contract is purchased, the Assignee shall be the

owner of the Annuity Contract and shall have and retain all rights of ownership in the Annuity Contract. For its own convenience, the Assignee may direct the Annuity Issuer to make all the Periodic Payment(s) directly to the respective Payees and/or Beneficiary designated herein. Each Payee and Beneficiary designated herein shall be responsible for maintaining his/her current mailing address with the Annuity Issuer. The obligation assumed by the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee or Beneficiary with the Annuity Issuer. If the Payee or Beneficiary notifies the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

      **v.**      **BENEFICIARY.** Any remaining guaranteed Periodic Payment(s) to be made after ███████████████ death shall continue to be made in accordance with Addendum A. to the Estate of ████████████████ (the "Beneficiary"). ███████ ████████████ after the age of majority, may request in writing a change of beneficiary designation from the owner of the Annuity Contract. The change will be effective when approved by both the owner of the Annuity Contract and the Annuity Issuer.

    **B.**    **VALLEY FORGE**

      **i.**      Valley Forge agrees to pay a total sum of Seventy-Five Thousand Dollars ($75,000.00) as full and final settlement of all claims arising out of the Action, Declaratory Judgment Action, and Joinder Complaints, including expenses, costs, and

attorneys fees) to the Plaintiffs and Plaintiffs' attorney Barry Dyller, Esq., payable to Barry H. Dyller, IOLTA Client Trust Fund.  Payment of this sum is in full settlement, accord, and satisfaction of any and all Claims between Valley Forge and all Parties pursuant to this Agreement.  The Parties acknowledge and agree that said sum constitutes damages on account of personal injury or sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended, and is inclusive of the Plaintiffs' out of pocket expenses, attorney fees, outstanding health care expenses and/or charges, any and all liens, rights of recovery, subrogation claims, known and unknown, general damages claims, and/or any other expenses incurred by the Plaintiffs in connection with this Agreement or the Action, the Declaratory Judgment Action, and Joinder Complaints, unless otherwise so stated.

     **ii.**     Valley Forge agrees to pay to Pranzonis' attorney, Francis Wenzel, Esq., a total sum of Twenty-Five Thousand Dollars ($25,000.00) as full and final settlement of all claims arising out of the Action, Declaratory Judgment Action, and Joinder Complaints, including expenses, costs, and attorneys fees.  Payment of this sum is in full settlement, accord, and satisfaction of any and all Claims between Valley Forge and all Parties pursuant to this Agreement.

**6.**    **PAYEES RIGHTS TO PAYMENTS:**  The Plaintiffs hereby acknowledge and agree that the Periodic Payment(s) referred to in Section 5Aii. above, and as in the attached Addendum A., cannot be accelerated, commuted, transferred, deferred, increased or decreased by the Plaintiffs, or by any Payee, or by any Beneficiary.  In addition, said Periodic Payment(s) set forth in 5Aii above are fixed and determinable as to the amount and time of payments and may not be varied by any person, including by

any of the Parties. The Plaintiffs or any Payee or any Beneficiary shall not have the power or authority to sell, mortgage, or encumber said Periodic Payment(s), or rights to such Periodic Payment(s), or any part thereof nor anticipate the same, nor any part thereof by assignment or otherwise, except as pursuant to a qualified order under Section 5891 of the Internal Revenue Code of 1986, as amended. Any transfer of the Periodic Payment(s) by the Plaintiffs may subject the Plaintiffs to serious adverse tax consequences. The Plaintiffs, each Payee and each Beneficiary shall at all times remain a general creditor of the Assignee and shall have no rights in the Annuity Contract or in any other assets of the Assignee. The Assignee shall not be required to set aside sufficient assets or secure its obligation to the Plaintiffs, each Payee, or each Beneficiary in any manner whatsoever.

7. **INDEMNIFICATION:**

    **A.**    The Plaintiffs hereby expressly agree to defend, indemnify, and hold harmless the Defendants, Insurers, and any other persons, firms or corporations hereby released, against any and all claims, liens, demands, obligations, actions, causes of action, claims of subrogation, damages, costs and expenses, and all claims of any and every nature and kind whatsoever, including but not limited to unpaid health care expenses incurred by the Plaintiffs, reimbursement for loss of wages and other employment benefits including workers' compensation, damages of any kind or nature, whether presently existing or hereafter acquired, including but not limited to expenses, costs and attorneys' fees incurred by the Defendants and/or Insurers in defending against said claims or demands, in any way relating to the Action, Declaratory Judgment Action, or Joinder Complaints. The Plaintiffs' obligation to indemnify hereunder shall not extend to

any costs, attorneys' fees or other expenses incurred in defending against or prosecuting the Action or the Declaratory Judgment Action.

**B.**    The Custodians hereby represent that as legal Custodians for ███████ ██████████ providing support for said child, that all expenses incurred in providing treatment for the injuries sustained by the Plaintiffs were incurred in the Custodians' names and are owed by the Custodians, and that ████████████████ resides in their custody, care and control.  The Custodians expressly agree to reimburse and indemnify the Defendants and the Insurers for any loss, damage, costs or other expenses of any kind that the Defendants and/or the Insurers may have to pay in the event that the circumstances as described in this paragraph are untrue.

**8.**    **STIPULATION OF DISMISSAL:**

   **A.**    **THE ACTION**

At the time they respectively sign this Agreement, counsel for Plaintiffs and Defendants will sign a Stipulation of Dismissal with Prejudice and without costs, as to all claims by or against all Parties in the Action.  This fully executed Stipulation of Dismissal will be filed by Plaintiffs' counsel with the Court within ten (10) days of the complete execution of this Agreement and of the making of the cash payments at settlement and annuity funding set forth in Sections 5(A) by Scottsdale and 5(B) by Valley Forge.

Each party to this Agreement understands, acknowledges and agrees that this Agreement may be pleaded as a full and complete defense to, and used as a basis for any injunction against any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement.

### B.    THE DECLARATORY JUDGMENT ACTION

At the time they respectively sign this Agreement, counsel for all Parties will sign a Stipulation of Dismissal with Prejudice and without costs, as to all claims against all Parties arising out of the Declaratory Judgment Action and Joinder Complaints. This fully executed Stipulation of Dismissal will be filed by counsel for CNA Financial and Valley Forge with the Court within ten (10) days of the Parties filing the Stipulation of Dismissal of the Action with the Court.

Each party to this Agreement understands, acknowledges and agrees that this Agreement may be pleaded as a full and complete defense to, and used as a basis for any injunction against any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement.

9.    **MANDATORY FRAUD PROVISION:** The Plaintiffs hereby acknowledge and understand the following Fraud Warning:

**APPLICABLE TO PENNSYLVANIA ONLY:**

**For your protection, Pennsylvania requires the following to appear on this form:**

**Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

10.    **CONFIDENTIALITY:** This Agreement and all of its terms, and all documents,

discussions, and negotiations leading or related to it shall be and remain confidential and shall not be disclosed by any Party or any Party's officers, employees, agents or attorneys, except that such disclosure may be made by:

  **A.**  Valley Forge, CNA Financial, and Scottsdale in connection with their normal claims reporting procedures, including to their respective reinsurers.

  **B.**  Any Party to its respective auditors, counsel, accountants or governmental entities (such as the Internal Revenue Service) as deemed reasonably necessary in order to perform their duties.

  **C.**  Any Party as required by law or as ordered by a court of competent jurisdiction. In the event any Party believes disclosure is or may be required by law under this paragraph, it shall give the other Parties at least twenty days' written notice before disclosing the information, unless the Party is required by law or court order to provide earlier disclosure, in which case as much notice as reasonably possible shall be provided. The notice shall identify the information proposed to be disclosed, the Person(s) to whom disclosure is proposed to be made, the legal authority purportedly requiring disclosure, and the circumstances pursuant to which the proposed disclosure is to be made

In the event any Party is contacted regarding the settlement, this Agreement or the terms hereof, each Party covenants and agrees to respond only that the matter has been consensually resolved and that the terms of the resolution and facts related thereto are subject to a binding confidentiality agreement and cannot be disclosed.

**11.** **USE OF AGREEMENT:** This Agreement has been executed by the Parties in good faith, solely to avoid further expensive and protracted litigation, and to provide for a

full and final settlement of all claims. Neither the execution of this Agreement nor the providing of the recited consideration hereunder shall constitute an admission of fault or liability with respect to any claim or any issue arising directly or indirectly from the Action, Declaratory Judgment Action, or Joinder Complaints unless specifically set forth herein.

12.    **SEVERABILITY AND CONSTRUCTION:** This Agreement is intended to be as broad and comprehensive as possible. This Agreement shall be interpreted in such a manner as to be valid and enforceable and effectuate the intent of the parties. If any provision of this Agreement is held invalid, illegal or unenforceable, the invalidity, illegality or unenforceability of such provision will not affect in any way whatsoever the remaining provisions of this Agreement.

13.    **NON-ASSIGNMENT OF CLAIMS:** The Parties declare and represent that they have not made any assignment of claims which would be covered by this Agreement other than the Qualified Assignment identified in Paragraph 5.A.

14.    **WARRANTY OF CAPACITY TO EXECUTE AGREEMENT:** The Parties hereby represent and warrant that no other person or entity has, or has had, any interest in the matters referred to in this Agreement, that they have the sole right and exclusive authority to execute this Agreement, and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, actions or causes of action referred to in this Agreement, other than the Qualified Assignment identified in Paragraph 5.A.

15.    **PARTIES BOUND:** Each Party to this Agreement understands, acknowledges and agrees that this Agreement shall be binding upon each of them and, as applicable, upon their respective present or former directors, partners, principals, officers,

employees, agents, trustees, attorneys, and insurers, parents, subsidiaries, affiliates, divisions, managers, representatives, predecessors or successors, partnerships or corporations and their respective heirs, administrators, successors and assigns.

**16.    TAX DISCLAIMER:**  Neither the Parties nor the Parties' counsel have relied on any express or implied representation of another Party or another Party's agents or counsel, as to the tax consequences of this Agreement.

**17.    RELIANCE:**  Each of the Parties to this Agreement acknowledges that it has relied on the advice of its own attorneys in entering into this Agreement and each further acknowledges that it has been afforded a full and complete opportunity to review and evaluate the terms and conditions of the settlement itself and of this Agreement. Plaintiffs specifically acknowledge that Plaintiffs have not relied on any legal, financial, tax or other advice from Defendants or Insurers or the respective attorneys for Defendants and Insurers in entering into this Agreement.

**18.    RESERVATION OF RIGHTS:**  This Agreement shall not preclude the exercise of any contractual, statutory or common law (legal or equitable) rights possessed by any Party against the other Parties to this Agreement arising from the performance by the Parties of their obligations as outlined in this Agreement.  Each Party specifically reserves all rights against the other Parties to this Agreement arising from any failure of any Party to perform the obligations under this Agreement, including without limitation any application for injunctive relief.

**19.    ENTIRE AGREEMENT:**  This    Agreement    constitutes    the    entire understanding and agreement between the Parties hereto and supersedes any and all prior oral or written understandings, agreements and arrangements between them.    The

"Recitals" are part of this Agreement.

20.    **TITLES IRRELEVANT:** The titles given to the enumerated paragraphs of this Agreement are for convenience only and are not intended to be used in construing or interpreting the terms of this Agreement.

21.    **NO MODIFICATION:** This Agreement may not be amended, supplemented, or modified except by a writing signed by all of the Parties hereto.

22.    **GOVERNING LAW:** This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania without regard to conflict of laws provisions.  The Parties agree that this Agreement shall be construed as having been drafted by all Parties and shall not be construed or interpreted against any Party, but instead shall be construed or interpreted in accordance with the fair import of its terms and provisions.

23.    **BREACH**    In the event any party believes another party has breached the terms of this Agreement, the Parties agree that the aggrieved party will provide written notice by certified mail to the breaching party of the facts and circumstances surrounding the alleged breach of the Agreement.  The Parties further agree that, for a period of ten calendar days after providing such notice, the aggrieved party will not take further action against the breaching party, including the pursuit of any legal remedies, and will keep the terms of the alleged breach of the Agreement confidential.

24.    **EXECUTION IN COUNTERPARTS:** This Agreement may be executed in counterparts, or by facsimile, all of which constitute a single, entire agreement.  Each party represents and warrants that each fully understands and voluntarily accepts the terms of this Agreement.

**25.**    **NOTICE:** Any notice or request required or desired to be given pursuant to this Agreement shall be sufficient if made in writing and sent by first-class mail, postage prepaid, addressed as follows, or as the Parties may subsequently direct in writing:

    **(a)**    **As to any of the LCCYS Parties:**

        John G. Dean, Esq.
        Elliott Greenleaf & Siedzikowski, P.C.
        39 Public Square Building, Suite 1000
        Wilkes-Barre, PA 18701

    **(b)**    **As to any of the Plaintiffs:**

        Barry H. Dyller, Esq.
        Dyller Law Firm
        Gettysburg House
        88 North Franklin Street
        Wilkes-Barre, PA 18701

    **(c)**    **As to either of the Pranzonis:**

        Francis G. Wenzel, Jr., Esquire
        Law Offices of Polachek & Associates, P.C.
        Phoenix Plaza
        22 East Union Street, Suite 600
        Wilkes-Barre, PA 18701-2723

    **(d)**    **As to the Institute:**

        Frank Baker, Esquire
        Marshall, Dennehey, Warner, Coleman & Goggin
        1495 Valley Center Parkway, Suite 350
        Bethlehem, PA 18017-2242

        And

        Michael T. Blazick, Esquire
        The Blazick Law Firm
        2 Public Square, Suite 102
        Wilkes-Barre, PA  18701

    **(e)**    **As to Valley Forge and CNA Financial:**

        Kristin V. Gallagher, Esq.

Carroll, McNulty & Kull LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, NJ 07920
(908) 848-6300
(908) 848-6310 (facsimile)

**(f)**     **As to Scottsdale Insurance:**

John G. Dean, Esq.
Elliott Greenleaf & Siedzikowski, P.C.
39 Public Square Building, Suite 1000
Wilkes-Barre, PA 18701

By: _____

Name: _____

Title: _Plaintiff_____

Date: _12/18/2009_____

STATE OF _NEW JERSEY_
                                    )SS:
COUNTY OF _Hudson_)

I, _Alberta Signoretta_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that ▮▮▮▮▮▮▮▮▮▮ o is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _18th_ day of _December_____, 2009.

_____
NOTARY PUBLIC

ALBERTA SIGNORETTA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/5/2012

22

████████████████ individually and as

parent and natural guardian of ████

████████ a minor

By:_____

Name:_____

Title: _Plaintiff_____

Date: _12-18-09_____

STATE OF _NEW JERSEY_ )
                      )SS:
COUNTY OF _HUDSON_    )

I, _Alberta Signoretta_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that ████████ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _18th_ day of _December_, 2009.

_____
NOTARY PUBLIC

ALBERTA SIGNORETTA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/5/2012

23

███████████ individually and as parent

and natural guardian of ███████████

a minor

By: ███████████
By: ███████████

Name: ███████████

Title: _Plaintiff_

Date: _12/18/09_

STATE OF _NEW JERSEY_ )
                                    )SS:
COUNTY OF _HUDSON_ )

I, _Alberta Signoretta_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that ███████████ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _15th_ day of _December_ , 2009.

_Alberta Signoretta_
NOTARY PUBLIC

ALBERTA SIGNORETTA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/5/2012

Approved as to Form and Content:    **Barry Dyller, Esq., Counsel for Plaintiffs**

By: _Barry Dyller_

Name: _Attorney for Plaintiffs_

Title: _____

Date: _12/23/09_

STATE OF _Pennsylvania_ )
                                        )SS:
COUNTY OF _Luzerne_ )

I, _Kelly Bray_, a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Barry Dyller_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _23_ day of _December_, 2009.

_____
NOTARY PUBLIC

```
NOTARIAL SEAL
KELLY A BRAY
Notary Public
WILKES-BARRE CITY, LUZERNE COUNTY
My Commission Expires Aug 15, 2010
```

25

Luzerne County, Pennsylvania

By: _Douglas A. Pape_

Name: _Douglas A. Pape_

Title: _County Manager / Chief Clerk_

Date: _12-16-09_

STATE OF _Pa_                )
                                      )SS:
COUNTY OF _Luzerne_     )

I, _Patricia Benzi_ , a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Sandra Runk_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _16th_ day of _December_, 2009.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA E. BENZI, Notary Public
Plains Twp., Luzerne County
My Commission Expires December 24, 2009

26

**Luzerne County Children & Youth Services**

By: _Frank J. Castano_

Name: _____

Title: _Director_

Date: _12/17/09_

STATE OF _Pennsylvania_ )
_____ )SS:
COUNTY OF _Luzerne_ )

I, _Patra Benzi_ , a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Sandra Aljane_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _17th_ day of
_December_ , 2009.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA E. BENZI, Notary Public
Plains Twp., Luzerne County
My Commission Expires December 24, 2009

Olga Araujo

By: _Olga L. Gurji_

Name: _Olga L. Araujo_

Title: _____

Date: _12/22/09_

STATE OF _N Y_        )
                      )SS:
COUNTY OF _NY_        )


I, _Frank Hancock_ , a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Olga Araujo_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this __22__ day of __Dec.__, 2009.


**Frank R. Hancock Jr.**
**Notary Public, State of New York**
**01HA6107371**
**Qualified in Richmond County**
**Commission Expires 3/29/12**

NOTARY PUBLIC

28

Rebecca Glassman

By: _Rebecca Glassman_

Name: _Rebecca Glassman_

Title: _Caseworker II_

Date: _12-11-09_

STATE OF _PENNSYLVANIA_
                        )SS:
COUNTY OF _LUZERNE_

I, _Julie Norton_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Rebecca Glassman_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _11th_ day of _December_, 2009.

_Julie Norton_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JULIE NORTON, Notary Public
City of Wilkes-Barre, Luzerne County
My Commission Expires May 5, 2011

Robin Ritsick

By: _Robin Ritsick_

Name: _Robin Ritsick_

Title: _Supervisor_

Date: _12/10/09_

STATE OF _PENNSYLVANIA_

COUNTY OF _LUZERNE_ }SS:

I, _JULIE NORTON_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _ROBIN RITSICK_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _10th_ day of _December_, 2009.

_Julie Norton_

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JULIE NORTON, Notary Public
City of Wilkes-Barre, Luzerne County
My Commission Expires May 5, 2011

Duly Authorized Representative for

Scottsdale Insurance Company

By:  _____

Name: _Colleen Ewert_____

Title: _Claims Manager_____

Date: _12/11/09_____

STATE OF _Arizona_ )
                    )SS:
COUNTY OF _Maricopa_)

I, _Karen J Flukas_ a Notary Public in and for said County in the State aforesaid,
DO HEREBY CERTIFY that _Colleen Ewert_ who is personally known to me to be
the same person whose name is subscribed to the foregoing instrument, appeared before
me this day in person and acknowledged that he signed, sealed and delivered the said
instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _11th_ day of
_December_, 2009.

**KAREN J. FLUKAS**
Notary Public - Arizona
Maricopa County
Expires 06/09/2011

_____
NOTARY PUBLIC

31

**Duly Authorized Representative for**

**CNA Financial Corporation**

By: _Danny R. Hart_

Name: _DANNY R. HART_

Title: _CLAIMS CONSULTANT_

Date: _12 - 08 - 09_

STATE OF _Il_ )
)SS:
COUNTY OF _Cook_ )

I, _Jo Carol Green_, a Notary Public in and for said County in the State aforesaid,
DO HEREBY CERTIFY that _Mr Hart_ who is personally known to me to be
the same person whose name is subscribed to the foregoing instrument, appeared before
me this day in person and acknowledged that he signed, sealed and delivered the said
instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _8th_ day of
_December_, 2009.

_Jo Carol Green_
NOTARY PUBLIC

OFFICIAL SEAL
JO CAROL GREEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/02/11

Duly Authorized Representative for

Valley Forge Insurance Company

By: *Danny R. Hart*

Name: *DANNY R. HART*

Title: *CLAIMS CONSULTANT*

Date: *12-08-09*

STATE OF ___*Il*___ )
                              )SS:
COUNTY OF ___*Cook*___ )

I, *Jo Carol Green*, a Notary Public in and for said County in the State aforesaid,
DO HEREBY CERTIFY that *Mr. Hart* who is personally known to me to be
the same person whose name is subscribed to the foregoing instrument, appeared before
me this day in person and acknowledged that he signed, sealed and delivered the said
instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this *8th* day of
___*December*___, 2009.

_____
NOTARY PUBLIC

**OFFICIAL SEAL**
**JO CAROL GREEN**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/02/11

33

Mary Pranzoni

By: *Mary Pranzoni*

Name: _____

Title: _____

Date: *12-19-09*

STATE OF *PA*        )

)SS:

COUNTY OF *Luzerne* )

I, *Kathleen M. Hein* a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that *Mary Pranzoni* who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this *19* day of _____*Dec*_____, 2009.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KATHLEEN M. HEIN. NOTARY PUBLIC
CITY OF SCRANTON. LACKAWANNA CTY.
MY COMMISSION EXPIRES OCT 21 2013

34

**Donald Pranzoni**

By: _Donald Pranzoni_

Name: _____

Title: _____

Date: _12-19-09_

STATE OF _PA_ )
)SS:
COUNTY OF _Luzerne_ )

I, _Kathleen M. Hein_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Donald Pranzoni_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this _19_ day of _____ _Dec_ _____, 2009.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KATHLEEN M. HEIN, NOTARY PUBLIC
CITY OF SCRANTON, LACKAWANNA CTY.
MY COMMISSION EXPIRES OCT 21 2013

_____
NOTARY PUBLIC

35

Duly Authorized Representative for the

Institute for Human Resources

By: _____

Name: _Robert J. Katoll_____

Title: _Executive Director_____

Date: _12/21/09_____

STATE OF _PA_____ )
                                       )SS:
COUNTY OF _LUZERNE_ )


I, _Edward H. Connor_ a Notary Public in and for said County in the State aforesaid, DO HEREBY CERTIFY that _Robert J. Katoll_ who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this __21st__ day of __DECEMBER__, 2009.


_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Edward H. Connor, Notary Public
Kingston Boro, Luzerne County
My Commission Expires March 16, 2011
Member, Pennsylvania Association of Notaries

**Addendum A.**

## Description of Periodic Payment(s)

Scottsdale Insurance Company, on behalf of the LCCYS Parties, agrees to pay or cause to be paid the following Periodic Payment(s), which have been funded at a cost of Four Hundred Sixty Five Thousand Dollars ($465,000):

**To ███████████████ ("Payee"), the following guaranteed lump sum payments:**

- Seventy Five Thousand Dollars ($75,000) on or about January 14, 2013.

- One Hundred Twenty Five Thousand Dollars ($125,000) on or about January 14, 2017.

- Two Hundred Thousand Dollars ($200,000) on or about January 14, 2022.

- Three Hundred Sixty Seven Thousand Five Hundred Four and 77/100 Dollars ($367,504.77) on or about January 14, 2027.